# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS CASTANEDA, | 1:11-CV-01728 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE CASE |
| McEWEN, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On October 4, 2011, Petitioner filed a federal petition for writ of habeas corpus in this Court. This petition has been assigned case number "1:11-CV-01672 GSA HC," and is currently in the preliminary review stage. The petition challenges Petitioner's 2008 convictions in the Kern County Superior Court.

On October 17, 2011, Petitioner filed a second federal petition for writ of habeas corpus in this Court. This petition has been assigned case number "1:11-CV-01728 GSA HC." This petition also challenges Petitioner's 2008 convictions in the Kern County Superior Court.

"After weighing the equities of the case, the district court may exercise its discretion to

1   dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed
2   action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v.
3   California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs generally have
4   'no right to maintain two separate actions involving the same subject matter at the same time in the
5   same court and against the same defendant.'" Adams,  487 F.3d at 688 (quoting Walton v. Eaton
6   Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

7       A plaintiff is required to bring at one time all of the claims against a party or privies relating
8   to the same transaction or event.  Adams, 487 F.3d at 693.  The court has discretion to dismiss a
9   duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action
10  and litigating piecemeal the issues which could have been resolved in one action."  Adams, 487 F.3d
11  at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per
12  curiam)).

13      Because the instant petition challenges the same convictions as the petition currently pending
14  in case number "1:11-CV-01672 GSA HC," the instant petition must be dismissed as duplicative. To
15  the extent Petitioner seeks to pursue his remedies with respect to the underlying convictions, he must
16  do so in the original case.

## CERTIFICATE OF APPEALABILITY

18      A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
19  district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-
20  El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue
21  a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

22     (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
    district judge, the final order shall be subject to review, on appeal, by the court
23  of appeals for the circuit in which the proceeding is held.

24     (b) There shall be no right of appeal from a final order in a proceeding to test the
    validity of a warrant to remove to another district or place for commitment or trial
25  a person charged with a criminal offense against the United States, or to test the
    validity of such person's detention pending removal proceedings.
26
       (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an
27          appeal may not be taken to the court of appeals from–

28          (A) the final order in a habeas corpus proceeding in which the

detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Petition for Writ of Habeas Corpus is DISMISSED as duplicative;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   **October 31, 2011**                     **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE